# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50287
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Sanchez Soto,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 25-50295

———————————

United States of America

*Plaintiff—Appellee*,

*versus*

Freddy Flores-Soto

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court

for the Western District of Texas
USDC Nos. 2:24-CR-2479-1,
2:24-CR-2185-1

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Freddy Flores-Soto is an illegal alien who has entered and reentered the country illegally several times over the last thirty years, resulting in multiple convictions, lengthy prison sentences, and several deportations. In addition to his illegal crossings, Flores-Soto has committed a number of other serious crimes, including—most notably—aggravated robbery with a deadly weapon, for which he was sentenced to twelve years' imprisonment in 2009. This appeal concerns the consequences of Flores-Soto's latest illegal reentry.

In 2024, Border Patrol agents encountered Flores-Soto on the wrong side of the Rio Grande. At the time, Flores-Soto had just recently been released from prison following a 2019 conviction for illegal reentry, and he was not even halfway through his supervised release term. Flores-Soto was once again charged with illegal reentry, to which he pleaded guilty.

The district court sentenced Flores-Soto to 84 months' imprisonment and three years of supervised release. The court also revoked supervised release from Flores-Soto's 2019 conviction and sentenced him to 18 additional months' imprisonment for violating the terms of the release. Although Flores-Soto did not object to any term or finding below, he now raises a variety of arguments challenging the court's orders.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

25-50287
c/w No. 25-50295

Because Flores-Soto did not object in the district court, we review only for plain error. *United States v. Perez-Melis*, 882 F.3d 161, 164 (5th Cir. 2018). "To establish plain error, a defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. If the defendant makes that showing, we may exercise our discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wilson*, 164 F.4th 380, 382–83 (5th Cir. 2026) (citation modified). "'Plain' error is error so clear or obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc) (quoting *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008)).

Flores-Soto argues that the district court (1) miscalculated his criminal history category, (2) improperly relied on retributive factors when imposing his revocation sentence, (3) misstated his name in the revocation order, (4) imposed conflicting supervised-release conditions, (5) erroneously found that his previous illegal reentry was an aggravated felony, and (6) impermissibly relied solely on the Presentence Investigation Report in determining that his aggravated robbery was an aggravated felony. Each argument fails.

Flores-Soto first contends that the district court erred in applying criminal history category V instead of III. "The criminal history category to be used in determining the applicable range of imprisonment [upon revocation] is the category determined at the time the defendant originally was sentenced to the term of probation." U.S.S.G. § 7B1.4 cmt. 1. The Statement of Reasons from Flores-Soto's 2019 conviction shows that the district court then determined that he fell under criminal history category V, so the district court's sentence here is supported by the record.

3

Next, Flores-Soto argues that the district court improperly considered Section 3553(a)(2)(A)'s retributive factors when it imposed his revocation sentence. *See Esteras v. United States*, 606 U.S. 185, 195 (2025); *see generally* 18 U.S.C. § 3553(a)(2)(A) (listing as sentencing factors the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). He faults the court for saying that it would "rely on . . . the statements [it] made" at his illegal-reentry sentencing hearing—which included statements concerning Section 3553(a)(2)(A) factors—"to determine what the appropriate sentence should be on this revocation." But the court's explanation for the sentence expressly referenced only permissible Section 3553(a) factors:

> The Court's sentence here today reflects the nature of the instant violations and the crimes committed by the Defendant and his described history and circumstances of this Defendant and the risk that he presents to the public of committing similar crimes in the future. The Court's sentence afford[s] adequate deterrence to criminal conduct, protect[s] the public from crimes of the Defendant, and . . . provide[s] the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

So despite the district court's passing incorporation-by-reference to previous statements it made that included some prohibited considerations, it is far from "'clear' or 'obvious' that the district court actually relied on" retributive factors. *See Esteras*, 606 U.S. at 202–03 (citation omitted). Flores-Soto therefore failed to demonstrate plain error.

Flores-Soto further argues that the district court committed a clerical error by calling him "Fernando Sanchez Soto," rather than "Freddy Flores-Soto," in the Order Revoking Supervised Release. But Defendant's counsel himself acknowledged that Defendant also goes by "Fernando Sanchez Soto," and the court recognized in the oral pronouncement of sentence that

"Fernando Sanchez Soto" is "also known as" "Freddy Flores-Soto." The court further explained that it was using the name "Fernando Sanchez Soto" because that is the name under which Defendant was previously convicted. There is no clerical error to be corrected. *See United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016) (holding that "disputed words" that were "deliberately chosen" were "not mistakes at all, much less the sort of mistake subject to correction under Rule 36").

Flores-Soto next contends that the district court imposed irreconcilable conditions of supervised release when it instructed him to "report in person to the Probation Office in the district in which he is released" "[w]ithin 72 hours of release from custody," while also ordering that he "shall be surrendered to a duly-authorized immigration official for deportation proceedings" "immediately upon release from custody" and, "[i]n the event the Defendant is not deported, or, for any reason, reenters the United States after having been deported, the Defendant must comply with all conditions of supervised release, reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or entry into the United States." We've rejected identical challenges before, and we do so again here. *See United States v. Jimenez-Marquez*, No. 25-50282, 2026 WL 74502 (5th Cir. Jan. 9, 2026) (per curiam); *United States v. Amador-Zepeda*, No. 25-50237, 2025 WL 3731526 (5th Cir. Dec. 26, 2025) (per curiam).

Flores-Soto also posits that the court plainly erred by sentencing him under 8 U.S.C. § 1326(b)(2) (reentry following aggravated felony), rather than 8 U.S.C. § 1326(b)(1) (reentry following misdemeanors or non-aggravated felony), pursuant to erroneous determinations that his 2019 illegal reentry and his 2009 aggravated robbery were aggravated felonies under 8 U.S.C. § 1101(a)(43)(O) and 8 U.S.C. § 1101(a)(43)(F), respectively. Regardless of whether Flores-Soto's 2019 reentry was an aggravated felony,

the district court did not plainly err in finding that his aggravated robbery with a deadly weapon was.

Flores-Soto contends that the district court lacked the necessary information to make this finding because the Presentence Investigation Report did not cite the applicable statute and the government did not provide the documents approved in *Shepard v. United States*, 544 U.S. 13 (2005). This contention is meritless, however, as the government supplemented the record and provided the judgment of conviction, which proves that Flores-Soto pleaded guilty to "AGG ROBBERY-DEADLY WPN," specifically for use of a firearm. *See United States v. Palomar-Martinez*, 671 F.App'x 329, 330 (5th Cir. 2016) (per curiam) ("[E]ven if we accept for the sake of argument [appellant's] premise that the district court should have consulted the sort of documents approved in *Shepard* . . ., he cannot show plain error because the Government has supplemented the record on appeal with *Shepard* documents that confirm the PSR's description of the offense.").

According to Sancez-Soto, supplementing the record was insufficient because the district court nonetheless failed to conduct the proper analysis to determine whether aggravated robbery was a crime of violence under 8 U.S.C. § 1101(a)(43)(F). But regardless of whether his aggravated robbery falls under that subsection, it undoubtedly is an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) because it is a "theft offense" for which he was imprisoned for more than one year. *See* Tex. Penal Code § 29.03(a) (providing that aggravated robbery requires the commission of a robbery); *id.* § 29.02 (defining robbery to encompass certain acts performed "in the course of committing theft"). Contrary to Flores-Soto's argument, then, it does not matter whether Texas's aggravated robbery statute is divisible

25-50287
c/w No. 25-50295

because theft is an element under any possible subdivision.[1] Accordingly, the district court did not plainly err in finding that Flores-Soto had an aggravated felony such that he could be sentenced under 8 U.S.C. § 1326(b)(2). *See Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024) ("This court may affirm on grounds other than those relied upon by the district court when supported by the record." (citation modified)).

Flores-Soto failed to demonstrate that the district court plainly erred in any regard, so we AFFIRM.

---

[1] In *Floyd v. State*, 714 S.W.3d 9 (Tex. Crim. App. 2024), Texas's highest criminal court held that the aggravated robbery statute sets out alternative means for committing the crime, which "unequivocally abrogated" our previous view that Texas's simple robbery statute is divisible. *See United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025) (per curiam) (noting that *Floyd* abrogated *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022)).